IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Autoscribe Corporation, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:23-cv-00349-JRG |
| | § | |
| Repay Holdings Corporation and Repay Holdings, LLC, | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendants. | § | |
| | § | |

## REPAY'S ANSWER TO AUTOSCRIBE CORPORATION'S COMPLAINT FOR PATENT INFRINGEMENT

Subject to their Motion to Dismiss or alternatively Transfer Venue (Docket No. 15), Repay Holdings Corporation and Repay Holdings, LLC (collectively, "REPAY") responds to Autoscribe Corporation's ("Autoscribe" or "Plaintiff") Complaint as follows. Unless specifically admitted below, REPAY denies every allegation in the Complaint. REPAY reserves the right to amend its answer and defenses based on additional information learned through discovery or otherwise.

### I. THE PARTIES

1. REPAY is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 1, and therefore denies them.

2. Repay Holdings Corp. admits that it is a corporation organized under the laws of Delaware with its headquarters at 3 West Paces Ferry Road, Suite 200, Atlanta, GA 30305. REPAY denies the remaining allegations of Paragraph 2.

3. Repay Holdings, LLC admits that it is a limited liability company organized under the laws of Delaware with its headquarters at 3 West Paces Ferry Road, Suite 200, Atlanta, GA 30305. REPAY denies the remaining allegations of Paragraph 3.

## II. JURISDICTION AND VENUE

4. REPAY admits that this Court has subject matter jurisdiction over patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

5. REPAY denies the allegations of Paragraph 5.

6. REPAY denies the allegations of Paragraph 6.

7. REPAY denies the allegations of Paragraph 7.

8. For purposes of this action only, Repay Holdings, LLC admits to personal jurisdiction within the State of Texas. Repay Holdings Corporation denies the allegations of Paragraph 8.

9. REPAY denies the allegations of Paragraph 9.

## III. BACKGROUND

10. REPAY is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 10, and therefore denies them.

11. REPAY is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 11, and therefore denies them.

12. REPAY is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 12, and therefore denies them.

13. REPAY admits that, based on the face of the patent, on April 4, 2023, the United States Patent and Trademark Office ("USPTO") issued United States Patent No. 11,620,621 ("the '621 Patent" or "the Asserted Patent"), titled "Enrolling a payer by a merchant server operated by or

for the benefit of a payee and processing a payment from the payer by a secure server." REPAY denies the remaining allegations of Paragraph 13.

14. REPAY admits that the '621 Patent specification recites the "present invention relates broadly to systems and methods for obtaining and using account information to process financial payments." REPAY is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 14, and therefore denies them.

15. REPAY is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 15, and therefore denies them.

16. REPAY is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 16, and therefore denies them.

17. REPAY denies the allegations of Paragraph 17 as both Repay Holdings Corp. and Repay Holdings, LLC are non-operating holding companies.

18. REPAY denies the allegations of Paragraph 18. Repay Holdings Corp. and Repay Holdings, LLC are non-operating holding companies.

19. REPAY denies the allegations of Paragraph 19 as both Repay Holdings Corp. and Repay Holdings, LLC are non-operating holding companies.

20. REPAY denies the allegations of Paragraph 20.

## IV. COUNT I

21. REPAY incorporates by reference its responses to Paragraph 1 through 20 of the Complaint.

22. REPAY denies the allegations of Paragraph 22.

23. REPAY denies the allegations of Paragraph 23.

24. REPAY denies the allegations of Paragraph 24.

for the benefit of a payee and processing a payment from the payer by a secure server." REPAY denies the remaining allegations of Paragraph 13.

14. REPAY admits that the '621 Patent specification recites the "present invention relates broadly to systems and methods for obtaining and using account information to process financial payments." REPAY is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 14, and therefore denies them.

15. REPAY is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 15, and therefore denies them.

16. REPAY is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 16, and therefore denies them.

17. REPAY denies the allegations of Paragraph 17 as both Repay Holdings Corp. and Repay Holdings, LLC are non-operating holding companies.

18. REPAY denies the allegations of Paragraph 18. Repay Holdings Corp. and Repay Holdings, LLC are non-operating holding companies.

19. REPAY denies the allegations of Paragraph 19 as both Repay Holdings Corp. and Repay Holdings, LLC are non-operating holding companies.

20. REPAY denies the allegations of Paragraph 20.

## IV. COUNT I

21. REPAY incorporates by reference its responses to Paragraph 1 through 20 of the Complaint.

22. REPAY denies the allegations of Paragraph 22.

23. REPAY denies the allegations of Paragraph 23.

24. REPAY denies the allegations of Paragraph 24.

25. REPAY denies the allegations of Paragraph 25.

26. REPAY admits that Paragraph 26 purports to quote claim 1 of the '621 Patent. REPAY denies the remaining allegations of Paragraph 26.

27. REPAY admits that the screenshot included in the Complaint purports to be from REPAY's documentation. REPAY denies the remaining allegations of Paragraph 27.

28. REPAY denies the allegations of Paragraph 28.

29. REPAY denies the allegations of Paragraph 29.

30. REPAY denies the allegations of Paragraph 30.

31. REPAY denies the allegations of Paragraph 31.

32. REPAY denies the allegations of Paragraph 32.

33. REPAY denies the allegations of Paragraph 33.

34. REPAY denies the allegations of Paragraph 34.

35. REPAY denies the allegations of Paragraph 35.

36. REPAY denies the allegations of Paragraph 36.

37. REPAY admits that it became aware of the '621 patent upon being served with the Complaint. REPAY denies the remaining allegations of Paragraph 37.

38. REPAY denies the allegations of Paragraph 38.

39. REPAY denies the allegations of Paragraph 39.

40. REPAY denies the allegations of Paragraph 40.

41. REPAY denies the allegations of Paragraph 41.

42. REPAY denies the allegations of Paragraph 42.

43. REPAY denies the allegations of Paragraph 43.

44. REPAY denies the allegations of Paragraph 44.

45. REPAY denies the allegations of Paragraph 45.

46. REPAY denies the allegations of Paragraph 46.

47. REPAY denies the allegations of Paragraph 47.

## V. JURY DEMAND

REPAY requests a trial by jury on all claims so triable.

## VI. RELIEF REQUESTED

REPAY denies that Autoscribe is entitled to the relief requested in Paragraphs a) through e) of Section VI, its Prayer for Relief, and denies that Autoscribe is entitled to any other relief.

## VII. AFFIRMATIVE AND OTHER DEFENSES

REPAY asserts the following affirmative and other defenses. By including a defense herein, REPAY does not assume any burden REPAY would not otherwise have. REPAY does not knowingly or intentionally waive any applicable defenses and reserves the right to assert or rely on any additional applicable defenses that become apparent or available throughout the course of this action.

## FIRST DEFENSE

Autoscribe has failed to state a claim upon which relief may be granted, including, but without limitation, because Autoscribe cannot plead a claim for divided infringement.

## SECOND DEFENSE

REPAY does not infringe, and at all times relevant to this action, has not infringed, either directly or indirectly, any of the claims of the '621 Patent, either literally or under the doctrine of equivalents. For example, but without limitation, REPAY does not perform all steps of the asserted method claims and the actions of REPAY's customers and/or other third parties should not be attributed to REPAY under a theory of divided infringement.

### THIRD DEFENSE

All of the claims of the '621 Patent are invalid for failure to comply with one or more provisions of Title 35, United States Code §§ 101, 102, 103, and/or 112.

### FOURTH DEFENSE

Some or all of Autoscribe's claims are barred by the doctrines of estoppel, waiver, and/or unclean hands.

### FIFTH DEFENSE

Autoscribe's claims are barred or limited by virtue of conduct, statements, admissions, and/or representations during the prosecution of the '621 Patent and/or patents or applications related thereto under the doctrines of disclaimer and/or prosecution history estoppel.

### SIXTH DEFENSE

To the extent that Autoscribe, its predecessors-in-interest, and/or its licensees failed to properly mark any of its relevant products with the Asserted Patents as required by 35 U.S.C. § 287 or otherwise give REPAY proper notice of its allegations that REPAY's actions infringe the '621 Patent, REPAY is not liable for any of the allegedly infringing acts performed before it received actual notice of the alleged infringement.

### SEVENTH DEFENSE

To the extent that Autoscribe asserts infringement under the doctrine of equivalents, its claims are barred because any such asserted claim scope would ensnare the prior art.

### EIGHTH DEFENSE

Any infringement by REPAY was not willful, and Autoscribe is not entitled to enhanced damages.

### NINTH DEFENSE

Autoscribe claims are barred, in whole or in part, by the doctrines of license, implied

license, and/or exhaustion, including to the extent that any of the allegedly infringing conduct is premised on or related to products made, sold, used, imported, or provided by any licensed entity (whether express or implied) to the '621 Patent or related patent(s).

Dated: October 10, 2023

/s/ David H. Harper
David H. Harper (Lead Attorney)
Texas Bar No. 09025540
david.harper@haynesboone.com
Stephanie N. Sivinski
Texas Bar No. 24075080
stephanie.sivinski@haynesboone.com
Marron E. Frith *(admitted in E.D.Tex)*
NY Bar No. 5870803
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
(214) 651-5000 (telephone)
(214) 200-0615 (fax)

COUNSEL FOR DEFENDANTS REPAY HOLDINGS CORPORATION AND REPAY HOLDINGS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2023, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF System.

/s/ David H. Harper