**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| Autoscribe Corporation, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:23-cv-00349-JRG |
| | § | |
| Repay Holdings Corporation and Repay | § | **JURY TRIAL DEMANDED** |
| Holdings, LLC, | § | |
| | § | **FILED UNDER SEAL** |
| Defendants. | § | |
| | § | |

**REPAY'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND
IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

# TABLE OF CONTENTS

I.  INTRODUCTION ..................................................................................................... 1

II.  FACTUAL BACKGROUND..................................................................................... 2

   A.  Locations of the parties are not primarily in Texas. .......................................... 2

III.  STATEMENT OF ISSUES UNDER LOCAL RULE CV-7(A)(1) ......................... 4

IV.  LEGAL STANDARD ............................................................................................... 5

   A.  Lack of Personal Jurisdiction under Rule 12(b)(2).............................................. 5

   B.  Improper Venue under Rule 12(b)(3) or 28 U.S.C. § 1406(a)............................. 6

   C.  Transfer of Venue under 28 U.S.C. § 1406(a) ................................................... 7

   D.  Transfer of Venue under 28 U.S.C. § 1404(a) ................................................... 8

V.  ARGUMENT ............................................................................................................. 8

   A.  This case against Repay Corp. should be dismissed under Fed. R. Civ. P. 12(b)(2)
      for lack of personal jurisdiction. ....................................................................... 9

      1.  Repay Corp. is not subject to general jurisdiction in Texas because its
         contacts are not so continuous and systematic such that it is "at home" in the
         state. ..............................................................................................................9

      2.  Repay Corp. is not subject to specific jurisdiction in Texas because Repay
         Corp. has not purposefully directed allegedly infringing activities there. .................11

   B.  This case should be dismissed under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §
      1406(a) because venue is improper here under § 1400(b) as to both Repay Corp
      and Repay LLC. .............................................................................................. 13

      1.  Repay Corp. and Repay LLC do not reside in Texas.................................................13

      2.  Repay Corp. and Repay LLC do not have regular and established places of
         business in this district. ..............................................................................................13

   C.  In the alternative, this case should be transferred to the Northern District of
      Georgia under 28 U.S.C. § 1406(a) in the interest of justice because it could have
      been brought there. ......................................................................................... 14

   D.  Under the additional alternative, this the case should be transferred to the
      Northern District of Georgia under 28 U.S.C. § 1404(a) as it could have been
      brought there and is a more convenient venue for the parties and witnesses. ................. 14

      1.  This case could have been filed in the Northern District of Georgia.........................15

      2.  The public and private factors support transferring the case to the Northern
         District of Georgia. ....................................................................................................16

VI.  CONCLUSION ....................................................................................................... 24

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adaptix, Inc. v. HTC Corp.*,
  937 F.Supp.2d at 877 .......................................................................20, 21

*ATEN Intern. Co. Ltd. v. Emine Technology Co., Ltd.*,
  261 F.R.D. 112..........................................................................................22

*Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.*,
  552 F.3d 1324 (Fed. Cir. 2008)...............................................................12

*Beneplace, Inc. v. DaVita, Inc.*,
  No. 1:21-CV-00070-RP, 2021 WL 2905417 (W.D. Tex. July 9, 2021)...................9

*BNSF Ry. Co. v. Tyrrell*,
  137 S. Ct. 1549 (2017)...............................................................................11

*Bride Ministries, NFP v. DeMaster*,
  4:20-CV-00402, 2020 WL 6822836 (E.D. Tex. Nov. 20, 2020)...........................24

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985).....................................................................................11

*Cap. Credit Inc. v. Mainspring Am., Inc.*,
  No. A-19-CV-797-LY, 2020 WL 4043499 (W.D. Tex. July 17, 2020) ..................11

*Celgard, LLC v. SK Innovation Co., Ltd.*,
  792 F.3d 1373 (Fed. Cir. 2015)....................................................................6

*Coleman v. Brozen*,
  4:19-CV-705, 2020 WL 2200220 (E.D. Tex. May 6, 2020) ...............................21

*Cooktek Induction Sys., LLC v. I/O Controls Corp.*,
  No. 4:15-CV-548-ALM, 2016 WL 4095547 (E.D. Tex. Aug. 2, 2016)..................20

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017).....................................................................7

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)...........................................................................6, 9, 11, 14

*Dickson Marine Inc. v. Panalpina, Inc.*,
  179 F.3d 331 (5th Cir. 1999) .........................................................................9

*Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins. Co.*,
    376 F.3d 399 (5th Cir. 2004) ...................................................................................10, 12

*Fielding v. Hubert Burda Media, Inc.*,
    415 F.3d 419 (5th Cir. 2005) ..............................................................................................5

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
    141 S. Ct. 1017 (2021).......................................................................................................6

*Frank v. P N K (Lake Charles) L.L.C.*,
    947 F.3d 331 (5th Cir. 2020) ..............................................................................................9

*Fujitsu Ltd. v. Tellabs, Inc.*,
    639 F.Supp.2d 761at 766 ..................................................................................................19

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009)....................................................................................20, 21

*Halliburton Energy Services, Inc. v Ironshore Specialty Ins. Co.*,
    921 F.3d 522 (5th Cir. 2019) ..............................................................................................6

*Hem v. Toyota Motor Corp.*,
    2:07-CV-079-CE, 2009 WL 2591374 (E.D. Tex. Aug. 20, 2009) .........................................23

*Herman v. Cataphora, Inc.*,
    730 F.3d 460 (5th Cir. 2013) ..............................................................................................7

*HollyAnne Corp. v. TFT, Inc.*,
    199 F.3d 1304 (Fed. Cir. 1999)..........................................................................................13

*Immanuel v. Cable News Network, Inc.*,
    No. 4:21-CV-00587, 2022 WL 1748252 (E.D. Tex. May 31, 2022) .......................................7

*Interactive Music Tech., LLC v. Roland Corp. U.S.*,
    No. 6:07-CV-282, 2008 WL 245142 (E.D. Tex. Jan. 29, 2008) ...........................................23

*Jerger v. D&M Leasing Dallas*,
    No. 4:20-CV-00309, 2020 WL 4335733 (E.D. Tex. July 28, 2020) ..................................6, 7

*Johnston v. Multidata Sys. Int'l Corp.*,
    523 F.3d 602 (5th Cir. 2008) ............................................................................................10

*Lahman v. Nationwide Provider Sols.*,
    No. 4:17-CV-00305, 2018 WL 3035916 (E.D. Tex. June 19, 2018) .......................................5

*Miller v. Kevin Gros Marine Inc.*,
    Civil Action No. G-05-531, 2006 WL 1061919 (S.D. Tex. April 20, 2006)..........................16

iii

*Monster Cable Products, Inc. v. Trippe Mfg. Co.*,
No. 9:07-CV-286, 2008 WL 2492060 (E.D. Tex. June 18, 2008) ........................................23

*In re Netflix, Inc.*,
No. 2022-110 slip op. (Fed. Cir. Jan. 19, 2022) ....................................................................21

*In re Nintendo Co.*,
589 F.3d 1194 (Fed. Cir. 2009).............................................................................................8

*Perkins v. Benguet Consolidated Mining Company*,
342 U.S. 437 (1952).............................................................................................................9

*Quest NetTech Corp. v. Apple, Inc.*,
No. 2:19-cv-118, 2019 WL 6344267 (E.D. Tex. Nov. 27, 2019)...........................................16

*In re Radmax, Ltd.*,
720 F.3d 285 (5th Cir. 2013) ...............................................................................................20

*Revell v. Lidov*,
317 F.3d 467 (5th Cir. 2002) ..............................................................................................6

*Soverain Software LLC v. Oracle Corp.*,
6:12-CV-141, 2014 WL 12621273 (E.D. Tex. Mar. 27, 2014) .......................................19, 21

*StoneAge, Inc. v. NLB Corporation*,
No. 1:10-cv-460, 2011 WL 13224884 (E.D. Tex. Mar. 30, 2011) .........................................22

*Storage Tech. Corp. v. Cisco Sys., Inc.*,
329 F.3d 823 (Fed. Cir. 2003)..............................................................................................8

*Tansey v. City of Keller, Tex.*,
No. 3:11-CV-03289-N BF, 2012 WL 2092935 (N.D. Tex. May 21, 2012) ...........................22

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
581 U.S. 258 (2017).............................................................................................................13

*True Chem. Sols., LLC v. Performance Chem. Co.*,
7-18-CV-00078-ADA, 2021 WL 860009 (W.D. Tex. Mar. 8, 2021).....................................17

*Van Dusen v. Barrack*,
376 U.S. 612 (1964).............................................................................................................23

*Victor Elias Photography, LLC v. Leonardo Worldwide Corp.*,
No. CV H-18-2142, 2019 WL 3713724 (S.D. Tex. Jan. 25, 2019) ....................................9, 11

*In re Volkswagen AG*,
371 F.3d 201 (5th Cir. 2004) .....................................................................................8, 16, 22

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) (en banc) .......................................................8, 16, 17, 18, 20

*Voxpath RS, LLC v. LG Electronics U.S.A., Inc.*,
   No. 2:10-cv-160, 2012 WL 194370 (E.D. Tex. Jan. 23, 2012) ................................................15

*Walden v. Fiore*,
   571 U.S. 277 (2014) ...........................................................................................................12

*Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*,
   517 F.3d 235 (5th Cir. 2008) ..............................................................................................11

*Wapp Tech Limited Partnership v. Micro Focus Intl., PLC*,
   406 F.Supp.3d 585 (E.D. Tex. 2019) ....................................................................................12

*Wet Sounds, Inc. v. Audio Formz, LLC*,
   No. A-17-CV-141-LY, 2017 WL 4547916 (W.D. Tex. Oct. 11, 2017) ...............................17

*Zoch v. Daimler, AG*,
   No. 6:16-CV-00057-RWS, 2017 WL 2903264 (E.D. Tex. May 16, 2017)............................10

**Statutes**

28 U.S.C. § 1391(b) ..........................................................................................................................7

28 U.S.C. § 1404(a) ...................................................................................................5, 8, 14, 15, 16

28 U.S.C. § 1406(a) ............................................................................................5, 7, 8, 13, 14, 24

**Other Authorities**

FED. R. CIV. P. 4(k)(1)(A) ...............................................................................................................6

FED. R. CIV. P. 12(b)(2) ...................................................................................................................5

FED. R. CIV. P. 12(B)(3) ...................................................................................................................5

Defendant Repay Holdings Corporation ("Repay Corp.") files this Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 28 U.S.C. § 1406(a), or in the alternative, Motion to Transfer Venue to the U.S. District Court for the Northern District of Georgia under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a).

Defendant Repay Holdings, LLC ("Repay LLC") files this Motion to Dismiss for Improper Venue under Federal Rules of Civil Procedure 12(b)(3), and 28 U.S.C. § 1406(a), or in the alternative, Motion to Transfer Venue to the U.S. District Court for the Northern District of Georgia under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a).

## I.      INTRODUCTION

Plaintiff Autoscribe Corporation ("Autoscribe"), a Maryland company having its headquarters in Florida, claims patent infringement by Repay Corp. and Repay LLC (collectively "REPAY"), two Delaware holding companies having their headquarters in Atlanta, Georgia. But Autoscribe filed the Complaint in a Texas district court that bears no connections to the witnesses, facts, claims, or defenses in this case. Because Repay Corp.'s business is nationwide and does not have a place of business in this district, Repay Corp. does not purposefully direct its activities toward the Eastern District of Texas and this district does not have personal jurisdiction over Repay Corp. Further, because neither REPAY entity is incorporated in and thus does not reside in Texas, has not committed any acts of infringement in this district, and does not have a "regular and established place of business" in this district, venue is improper in the Eastern District of Texas. This case against Repay Corp. should be dismissed for lack of personal jurisdiction and improper venue.  This case against Repay LLC should be dismissed for improper venue. In the alternative, the case against REPAY should be transferred to the Northern District of Georgia where:

- REPAY has its headquarters and main corporate office;

**REPAY'S MOTION TO DISMISS**                                                                                     1

- ███████████████████████████████████████

- a number of the REPAY corporate and software engineer witnesses are located; and

- the majority of documentation and source code relevant to the accused product are located or accessible.

The Northern District of Georgia is more convenient for all parties, and ████████████

████████████████████████████████████████████████████████

████████████████████ Forcing the parties to litigate in the Eastern District of Texas where no parties, witnesses, or evidence reside would cause unnecessary hardship and not serve the interests of justice.

## II.   FACTUAL BACKGROUND

### A.   *Locations of the parties are not primarily in Texas.*

Autoscribe is a corporation organized under the laws of the state of Maryland. Dkt. 1 Complaint against All Defendants ¶ 1 ("Compl."). Autoscribe's principal place of business and headquarters is Jacksonville, Florida. *Id.* ¶ 1. Autoscribe alleges infringement of U.S. Patent No. 11,620,621 (the "'621 Patent," attached as Exhibit B), which indicates that each of the three named inventors, including Mr. Pollin, reside in the DC-Maryland-Virginia metro area at the time of the patent filing. Exhibit B, at 1. The '621 Patent was prosecuted by patent attorneys based in Washington, DC from the Blank Rome LLP law firm. Exhibit D, 1.

Repay Corp. and Repay LLC are companies organized under the laws of Delaware and headquartered at 3 West Paces Ferry Road, Suite 200, Atlanta, Georgia 30305. *See* Declaration of Mr. Tyler Dempsey ("Dempsey Decl."), attached as Exhibit C ¶ 4. REPAY maintains its main office in Georgia and conducts business there, including maintaining interests in Georgia-based subsidiaries. *Id.* at ¶ 5. Both Repay Corp. and Repay LLC are, as their names suggest, holding

companies under which the operating companies that perform payment processing reside. *Id*. at ¶ 6. Repay Corp. is the ultimate parent entity; Repay LLC is an intermediate holding company. *Id*. at ¶ 7. The subsidiary operating companies do business under the "REPAY" trade name. *Id*. Payment processing services provided by REPAY's subsidiaries are provided nationally with <u>no</u> specific targeting of Texas. *Id*. ¶ 8-9.

Repay Corp. does not have offices or employees in Texas. *Id*. ¶ 9. The alleged REPAY office in The Colony, the sole physical location in the District that Autoscribe lists in its Complaint, is leased by an operating subsidiary that does business under the REPAY brand but is not named in this suit. *Id*. ¶ 11. Further, the sole accused product in this case—the "Payment API," as defined by Plaintiff in the Complaint which would include customer interaction with the Repay Payment API —is not used to process payments at the location in The Colony. *Id*. ¶ 12. Repay LLC has an office located in Fort Worth, TX; however, this location is not located within the district. *Id*. ¶ 10.

The Complaint also alleges that REPAY has customers in Texas including Daimler Truck Financial Services USA LLC ("Daimler"). Compl. ¶ 7. But Daimler is not a customer of either Repay Corp. or Repay LLC, but of a subsidiary that is not named in this suit. Exhibit C ¶ 13.[1]

Evidence and documentation regarding the "Payment API" software cited in the Complaint, including source code and witnesses, are primarily located in Georgia and Arizona. Exhibit C ¶ 14-15.

---

[1] While not included in its jurisdictional or venue allegations, Autoscribe also names three other customers—Tower Loan, Coastal Finance Company, Inc., and Adonis Auto Group, LLC—that also contract with a REPAY subsidiary that is not named in this suit. Exhibit C ¶ 13.

<u>**REPAY'S MOTION TO DISMISS**</u>                                                                 3



## III.    STATEMENT OF ISSUES UNDER LOCAL RULE CV-7(A)(1)

1.    <u>Whether Texas has personal jurisdiction over Repay Corp.</u> There is no general personal jurisdiction over Repay Corp. in Texas. Repay Corp. is not incorporated or headquartered in Texas and does not have corporate operations that are so substantial as to render the corporation

"at home" in Texas. Specific personal jurisdiction is also improper as Repay Corp. exists as a holding company and does not process any payments. As such, Repay Corp. has not purposefully directed the payment processing activities using the "Payment API" to Texas. Repay Corp. asks that this case be dismissed for lack of personal jurisdiction. *See* FED. R. CIV. P. 12(b)(2).

2.    <u>Whether venue is proper in the Eastern District of Texas</u>. Repay Corp. and Repay LLC do not reside in Texas and have no regular and established place of business in the Eastern District of Texas. Accordingly, the requirements of 28 U.S.C. § 1400(b) are not met here and the Complaint should be dismissed for improper venue. *See* FED. R. CIV. P. 12(b)(3); 28 U.S.C. § 1406(a).

3.    <u>Whether, in the alternative, venue should be transferred to the Northern District of Georgia in the interest of justice or for the convenience of parties and witnesses.</u> If the case is not dismissed, REPAY requests that it be transferred to the Northern District of Georgia, which is where REPAY is headquartered, witnesses are located, there is a factual connection to the case, and the case could have been brought. *See* 28 U.S.C. § 1406(a); 28 U.S.C. § 1404(a).

## IV.   LEGAL STANDARD

### A.   *Lack of Personal Jurisdiction under Rule 12(b)(2)*

When a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that personal jurisdiction is proper. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005). Allegations in a plaintiff's complaint are taken as true unless they are "contradicted by defendant's affidavits" or are conclusory. *Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2018 WL 3035916, at * 11 (E.D. Tex. June 19, 2018) ("[T]he Court need not accept conclusory jurisdictional allegations, even if unchallenged."). In resolving a motion to dismiss for lack of personal jurisdiction, "the district court may consider

affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002).

Federal Circuit law applies to determinations of personal jurisdiction in patent cases. *Celgard, LLC v. SK Innovation Co.*, Ltd., 792 F.3d 1373, 1377 (Fed. Cir. 2015). For purposes of personal jurisdiction, courts may exercise general or specific jurisdiction. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). A federal district court has personal jurisdiction over a party if that party would be subject to personal jurisdiction in a court of general jurisdiction in the forum state. See FED. R. CIV. P. 4(k)(1)(A). When a party is a non-resident of that state, the exercise of personal jurisdiction must comport with both the state's "long-arm statute" and constitutional principles of due process. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).

Because the Texas long arm statute extends to the limits of federal due process, the two-step inquiry is reduced to only the federal due process analysis. *Halliburton Energy Services, Inc. v Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019). Federal due process requires a plaintiff to prove that (1) the non-resident defendant "purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the state" and (2) "the exercise of jurisdiction . . . does not offend traditional notions of fair play and substantial justice." *Id*. Minimum contacts can give rise to either specific personal jurisdiction or general personal jurisdiction. *Id*.

### B.   *Improper Venue under Rule 12(b)(3) or 28 U.S.C. § 1406(a).*

A party may move to dismiss an action for "improper venue" under Federal Rule of Civil Procedure 12(b)(3). When a defendant challenges venue as improper, "the burden of sustaining venue will be on [the] Plaintiff." *Jerger v. D&M Leasing Dallas*, No. 4:20-CV-00309, 2020 WL 4335733, at *2 (E.D. Tex. July 28, 2020). A plaintiff may meet its burden by establishing facts that, if true, establish proper venue. *Id*. In determining whether venue is proper, "the Court may

look beyond the complaint to evidence submitted by the parties." *Id.* (quoting *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009)). If venue is improper, a court can dismiss the Complaint. 28 U.S.C. § 1406(a).

Under 28 U.S.C. § 1400(b), a plaintiff may bring a patent-infringement action: (1) where the defendant resides or (2) where the defendant has committed acts of infringement and has a regular and established place of business. Under the first prong of § 1400(b), a corporate defendant resides only in its state of incorporation. *Id.* at 1521. To have "a regular and established place of business" under the second prong of § 1400(b), "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

### C. Transfer of Venue under 28 U.S.C. § 1406(a)

If the district court finds a case has been filed in the wrong district, the district court may, in the interest of justice, transfer the case to a district in which the case could have been brought. 28 U.S.C. § 1406(a). "A court's decision to transfer is discretionary, and often made to prevent waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Immanuel v. Cable News Network, Inc.*, No. 4:21-CV-00587, 2022 WL 1748252, at *7 (E.D. Tex. May 31, 2022) (citations omitted). To transfer a case under § 1406(a), the court must determine if proper venue exists in the destination jurisdiction under one of the three categories set out in § 1391(b). *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013). A civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b).

### D.      Transfer of Venue under 28 U.S.C. § 1404(a)

A court may transfer an action to any district where it might have been brought if it serves "the convenience of parties and witnesses." 28 U.S.C. § 1404(a).

Regional circuit law governs transfers under § 1404(a). *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003). Section 1404(a)'s threshold inquiry is whether the case could have first been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-203 (5th Cir. 2004) ("*Volkswagen I*"). Next, the court determines whether transfer is proper by analyzing and weighing private- and public-interest factors. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). The private-interest factors are: (1) the relative ease of access to sources of proof; (2) the cost of attendance for willing witnesses; (3) the availability of compulsory process to secure the attendance of witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.* The public-interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* The plaintiff's choice of forum is not a separate factor, but rather, implicit in the moving party's burden to show that the transferee venue is clearly more convenient. *In re Nintendo Co.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009).

## V.      ARGUMENT

Autoscribe's scant jurisdictional and venue allegations, which are based on incorrect facts, do not establish that either personal jurisdiction or venue is proper here. Thus, REPAY requests dismissal of this case under Fed. R. Civ. P. 12(b)(2), 12(b)(3) and/or 28 U.S.C. § 1406(a). Alternatively, REPAY requests transfer to the Northern District of Georgia under 28 U.S.C. § 1404(a) or § 1406(a).

**A.    This case against Repay Corp. should be dismissed under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.**

Autoscribe alleges that this Court has both general and specific personal jurisdiction over Repay Corp. When personal jurisdiction is based on the defendant's "continuous and systematic contacts" with the forum state that are entirely distinct from the activities giving rise to the suit, personal jurisdiction is based on "general jurisdiction." *See Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999). When an action arises out of or is related to the defendant's contacts with the forum, personal jurisdiction is based on "specific jurisdiction." *Id.* Neither general nor specific personal jurisdiction over Repay Corp. is appropriate here.

**1.    Repay Corp. is not subject to general jurisdiction in Texas because its contacts are not so continuous and systematic such that it is "at home" in the state.**

A court may exercise general jurisdiction over a defendant only when a defendant's contacts with the forum state are so continuous and systematic that a defendant is "essentially at home" in the state. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Because Repay Corp. is not incorporated in Texas and does not have its principal place of business there,[2] it may only be subject to general jurisdiction in the Eastern District of Texas in an "exceptional case."[3] *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337–38 (5th Cir. 2020) (citing *Daimler AG*, 571 U.S. at 138–39). Such an exceptional case occurs when the forum state is the "center of the corporation's activities." *Victor Elias Photography, LLC v. Leonardo Worldwide Corp.*, No. CV H-18-2142, 2019 WL 3713724, at *2 (S.D. Tex. Jan. 25, 2019) (citing *BNSF Ry. Co. v. Tyrrell*,

---

[2] *See* Exhibit C ¶ 4.
[3] The "textbook" example of an "exceptional case" occurred when a mining corporation located in the Philippine Islands moved its operation to Ohio during World War II. *See Beneplace, Inc. v. DaVita, Inc.*, No. 1:21-CV-00070-RP, 2021 WL 2905417, at *3 (W.D. Tex. July 9, 2021) (citing *Perkins v. Benguet Consolidated Mining Company*, 342 U.S. 437, 448 (1952)). General jurisdiction was proper in Ohio, which became "the center of the corporation's wartime activities," because it conducted business there, kept files there, and made key business decisions there. *Id.* Any limited contact REPAY may have with Texas bears no resemblance to the extensive contacts in *Perkins*.

137 S. Ct. 1549, 1559 (2017)); *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 611 (5th Cir. 2008) ("[W]e emphasized that in order to confer general jurisdiction a defendant must have a business presence in Texas.... It is not enough that a corporation do business with Texas.").

Autoscribe has failed to allege that Repay Corp. is "at home" in Texas. Autoscribe's allegations that Repay Corp. maintains a place of business in this district and has customers in Texas are factually incorrect. One of Repay Corp.'s subsidiaries leases the facility in The Colony and contracts with customers in Texas. *See* Exhibit C ¶ 11. Another subsidiary, Repay LLC, merely leases office space in Fort Worth, Texas, which is not in the Eastern District of Texas. *Id.* ¶ 10. General jurisdiction requires that the "corporation itself—not its managing agent or subsidiary or affiliate, must be 'at home' in the forum state." *Zoch v. Daimler, AG*, No. 6:16-CV-00057-RWS, 2017 WL 2903264, at *3 (E.D. Tex. May 16, 2017), *report and recommendation adopted*, No. 6:16-CV-00057-RWS, 2017 WL 9935519 (E.D. Tex. July 5, 2017). Therefore, the location of a Repay Corp. subsidiary and Repay LLC office space in Fort Worth cannot create general personal jurisdiction over Repay Corp. in the State of Texas.

But even if Autoscribe's allegations were true, those facts do not show that Texas is the center of Repay Corp.'s business activities.[4] The Fifth Circuit has rejected conclusory jurisdictional allegations such as Autoscribe's allegation that Repay Corp. "is subject to the Court's general jurisdiction, in part, due to its continuous and systematic contacts with the State of Texas" (Compl. ¶ 8). *See Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 403 (5th Cir. 2004) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") ("*Bethea*"). Furthermore, having a physical presence within a state—which Repay Corp. does not—and doing

---

[4] See Compl. ¶¶ 6-7.

business within a state are not "continuous and systematic" contacts. *See BNSF Ry. Co.*, 137 S. Ct. at 1559 (a railroad company with over 2,000 miles of railroad track and more than 2,000 employees in Montana is not "at home" there when it operates in 28 states and is not "heavily engaged in activity in Montana.").

Courts have repeatedly rejected the broad interpretation of general jurisdiction suggested by Autoscribe.[5] A corporation that operates in many places, such as Repay Corp., cannot "be deemed at home in all of them." *Daimler AG*, 571 U.S. at 139 n. 20. Because Texas is not the center of Repay Corp.'s activities, general jurisdiction is not proper in Texas.

>   **2.      Repay Corp. is not subject to specific jurisdiction in Texas because Repay Corp. has not purposefully directed allegedly infringing activities there.**

Specific jurisdiction exists when the plaintiff meets its burden to show that a defendant (1) "has purposefully directed his activities at residents of the forum" and (2) "the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985); *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) (quoting *Burger King*).

Here, Repay Corp. is not subject to specific jurisdiction in Texas because Repay Corp. has not purposefully directed its allegedly infringing activities to Texas. Autoscribe's sole allegations regarding specific personal jurisdiction are that Repay Corp. has a place of business in Texas and has committed acts of infringement there. Compl., ¶ 8. But as explained above, Repay Corp. is based in Georgia; The Colony, Texas location Autoscribe describes in its Complaint is leased by

---

[5] *See, e.g.*, *Cap. Credit Inc. v. Mainspring Am., Inc.*, No. A-19-CV-797-LY, 2020 WL 4043499, at *3 (W.D. Tex. July 17, 2020) (Amazon.com Services, Inc. is not subject to general jurisdiction in Texas even though it does business in the state), *report and recommendation adopted*, 2020 WL 9810026 (W.D. Tex. Aug. 11, 2020); *Victor Elias Photography, LLC v. Leonardo Worldwide Corp.*, No. CV H-18-2142, 2019 WL 3713724, at *1 (S.D. Tex. Jan. 25, 2019) (Marriott International, Inc. is not subject to general jurisdiction in Texas even though its subsidiaries do business in the state).

a Repay Corp. subsidiary; and Repay LLC merely leases office space in Fort Worth (outside of the Eastern District of Texas). Exhibit C ¶ 9-11.  Autoscribe also alleges that Repay Corp. allegedly infringes by inducing its Texas-based customer Daimler to directly infringe. But, again, a Repay Corp. subsidiary, not Repay Corp. itself, contracts with Daimler.  Exhibit C, ¶ 13. The same is true for the other third-party Texas-based customers identified in the Complaint - Tower Loan, Coastal Finance Company, Inc., and Adonis Auto Group, LLC. *Id.*

The jurisdictional contacts of Repay Corp.'s subsidiaries are not attributable to Repay Corp. absent an alter ego theory, which Autoscribe has not and cannot plead. *Wapp Tech Limited Partnership v. Micro Focus Intl., PLC*, 406 F.Supp.3d 585, 594-595 (E.D. Tex. 2019) ("the typical corporate relationship between a parent and subsidiary is not a sufficient bases to impute the contacts of a third party [subsidiary] to the defendant under an alter ego theory") (internal quotations omitted).

Moreover, Autoscribe's conclusory allegation that Repay Corp. "is subject to the Court's specific jurisdiction . . . because Defendant has committed patent infringement and/or has induced and/or contributed to acts of infringement by others in the State of Texas" (Compl. ¶ 8) does not establish specific jurisdiction. *Bethea*, 376 F.3d at 403. Rather, the central question for specific jurisdiction is whether Repay Corp. purposefully directed its activities at Texas. *See Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.*, 552 F.3d 1324, 1340 (Fed. Cir. 2008) (finding that plaintiff's allegations that defendant's "products may be purchased in Alabama fails to establish either that [defendant] purposefully directed its activities at residents of the forum or that this action arises out of or relates to those activities") (internal quotations omitted). Repay Corp. does nothing to target Texas-based clients or customers. Exhibit C ¶ 9. Indeed, Repay Corp.'s conduct is not connected to Texas in any meaningful way. *See Walden v. Fiore*, 571 U.S. 277, 290 (2014)

(for personal jurisdiction, the proper focus is the relationship among the defendant, the forum, and the litigation). Thus, there is no basis for specific jurisdiction over Repay Corp.

     **B.**     ***This case should be dismissed under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) because venue is improper here under § 1400(b) as to both Repay Corp and Repay LLC.***

Because neither Repay Corp. nor Repay LLC resides in Texas nor have regular and established places of business in this district, venue does not lie in the Eastern District of Texas under § 1400(b).

     **1.**     **Repay Corp. and Repay LLC do not reside in Texas.**

As Autoscribe acknowledges in its Complaint, Repay Corp. and Repay LLC are not incorporated in Texas. Compl. ¶¶ 2-3. Accordingly, neither Repay entity "resides" in this district for purposes of the first prong of § 1400(b). *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 265 (2017).

     **2.**     **Repay Corp. and Repay LLC do not have regular and established places of business in this district.**

The second prong of § 1400(b) allows for venue where "the defendant has committed acts of infringement and has a regular and established place of business." In patent cases, because specific jurisdiction and venue therefore involve the same analysis, they need not be considered separately. *See HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1306-07 (Fed. Cir. 1999). Here, because there is no specific jurisdiction as to Repay Corp., venue is also improper. *See HollyAnne*, 199 F.3d at 1307. Further, Repay LLC has no regular and established place of business in the judicial district.

Neither Repay entity has a physical presence in this district, much less a regular and established place of business. Exhibit C ¶ 9-10. Autoscribe incorrectly alleges that Repay Corp. and Repay LLC have a location in this district. *Cf.* Compl. ¶¶ 2-3. Rather, Repay LLC maintains

a place of business outside of this district in Fort Worth; and a REPAY subsidiary not named in the complaint, maintains a place of business in The Colony, Texas. Exhibit C ¶ 10-11. Moreover, the Complaint incorrectly alleges that REPAY has a customer, Daimler, in this district. *Cf.* Compl. ¶ 7. However, Daimler contracts with a REPAY subsidiary. Exhibit C ¶ 13. Accordingly, without a "regular and established place of business" in the Eastern District of Texas, Repay Corp. and Repay LLC do not meet § 1400(b)'s second prong and venue is not proper as to Repay Corp. and Repay LLC. Accordingly, the Court should dismiss Autoscribe's claims against Repay Corp. and Repay LLC.

**C.      In the alternative, this case should be transferred to the Northern District of Georgia under 28 U.S.C. § 1406(a) in the interest of justice because it could have been brought there.**

If the Court determines dismissal is not proper, it should, at a minimum, transfer the case to the Northern District of Georgia in the interest of justice. *See*, 28 U.S.C. § 1406(a). The court may transfer the case to "any district or division in which it could have been brought." *Id.*

Autoscribe could have filed this case in the Northern District of Georgia because REPAY resides there. Repay Corp. and Repay LLC are headquartered at 3 West Paces Ferry Road, Suite 200, Atlanta, Georgia 30305, and are therefore subject to general personal jurisdiction there. Exhibit C ¶ 4; *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (permitting general personal jurisdiction in states where the defendant is "at home"). Further, venue is proper under 28 U.S.C. § 1400(b) where the defendant resides.

**D.      Under the additional alternative, this the case should be transferred to the Northern District of Georgia under 28 U.S.C. § 1404(a) as it could have been brought there and is a more convenient venue for the parties and witnesses.**

Under the additional alternative, even if the court determined venue is proper, the court should still transfer the case for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). The case should be transferred to the Northern District of Georgia as a more convenient venue

where: REPAY is headquartered; ████████████████████████████████████████████

████████████████████████ the majority of potential witnesses, documentation, and source code related to the accused functionality are located; and where the case could have originally been brought. 28 U.S.C. § 1404(a); Exhibit C ¶ 4, 14, 15, 19. The private and public interest factors courts consider under § 1404(a) show that the Northern District of Georgia is "clearly more convenient" than the Eastern District of Texas: neither party resides in Texas; none of the events giving rise to the claim occurred there; and a majority of the witnesses and evidence are located outside of Texas.

On the other hand, REPAY is headquartered and has employees in Georgia; a number of witnesses are located there (as well as likely in Florida and the DC-Maryland-Virginia metro area, both of which are closer to Georgia); evidence is accessible from there; Georgia has an interest in resolving this case involving the rights of two of its corporations (REPAY); and it will be cheaper for the parties to litigate there. Exhibit C ¶ 4, 14, 15, 19. ██████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████ *See Voxpath RS,*

*LLC v. LG Electronics U.S.A., Inc.*, No. 2:10-cv-160, 2012 WL 194370, *4-5 (E.D. Tex. Jan. 23, 2012) (transferring case under § 1404(a) because "not one company involved in the litigation was headquartered in the Eastern District of Texas," plaintiff did not identify a single witness it intended to call from the Eastern District of Texas, "more witnesses located in the transferee district who will be inconvenienced if the case is not transferred," and "in patent infringement cases … the bulk of the relevant evidence usually comes from the accused infringer … [which] weighs in favor of transfer").

### 1.     This case could have been filed in the Northern District of Georgia.

Section 1404(a) provides that:

**REPAY'S MOTION TO DISMISS**                                                                                                        15

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could have first been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004) ("*Volkswagen I*"). As stated above, the case could have been filed in Northern District of Georgia.

### 2.    The public and private factors support transferring the case to the Northern District of Georgia.

Once it determines that the case could be transferred to the requested district, the court determines whether transfer is proper by weighing various private and public interest factors discussed below. *Id.* Transfer should be granted if the transferee forum is "clearly more convenient" than the current forum. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). This standard does not equal "clear and convincing," but the moving party must show more than a mere preponderance of convenience. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019).

All eight private- and public-interest factors considered in transferring a case under 28 U.S.C. § 1404(a) either favor transfer or are neutral. Adjudicating this case in the Northern District of Georgia instead of this district is clearly more convenient for both parties and serves the interest of justice. Georgia is where REPAY is headquartered, closer to much of the witnesses and evidence, ███████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ Exhibit C ¶ 4, 14-19; Exhibit A, 4. Although Autoscribe sued in the Eastern District of Texas, its choice of venue is not relevant because Autoscribe has no connection to the forum. *See Miller v. Kevin Gros Marine Inc.*, Civil Action No. G-05-531, 2006 WL 1061919, *3 (S.D. Tex. April 20, 2006) ("little to no

deference" should be given to a plaintiff's choice of forum when the plaintiff lacks connections to the forum). Regardless of the initial forum, the Northern District of Georgia is clearly more convenient for all parties as not only will transferring the case not cause Autoscribe hardship, it will be beneficial. *See True Chem. Sols., LLC v. Performance Chem. Co*., 7-18-CV-00078-ADA, 2021 WL 860009, at *2 (W.D. Tex. Mar. 8, 2021) (courts consider the hardships the plaintiff would suffer from transferring the action to the transferee venue).

a.    **The private factors support transferring the case to the Northern District of Georgia.**

i.    *The "relative ease of access to sources of proof" factor favors transfer because pertinent documents are likely to be found in the Northern District of Georgia, while none will be found in this district.*

Courts look to where evidence, such as documents and physical evidence, is stored. *Volkswagen II*, 545 F.3d at 316. This factor favors transfer because pertinent documents are likely to be found in the Northern District of Georgia, while no relevant REPAY documents will be found in the Eastern District of Texas. Exhibit C ¶ 14-19. Indeed, that documents may be stored electronically does not undermine the importance of their location. *Wet Sounds, Inc. v. Audio Formz, LLC*, No. A-17-CV-141-LY, 2017 WL 4547916, at *2 (W.D. Tex. Oct. 11, 2017), rep. & rec. adopted, No. 1:17-CV-141-LY, 2018 WL 1219248 (W.D. Tex. Jan. 22, 2018) (quoting *Volkswagen II*, 545 F.3d at 315) ("[T]he Fifth Circuit [has] clarified that despite technological advances that make the physical location of documents less significant, the location of sources of proof remains a 'meaningful factor in the analysis.'").

Documents belonging to Autoscribe and REPAY are likely to be the main sources of evidence in this case. These documents may include source code related to accused functionality, which would be highly confidential and subject to protective order rules likely requiring a time- and location-limited, on-site review of the code in the presence of counsel for REPAY. Exhibit C

**REPAY'S MOTION TO DISMISS**              17

¶ 14-15. ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████ Documents may also be located in the DC-Maryland-Virginia metro area, which is the

place of residence of: all three of the '621 Patent co-inventors, the Autoscribe CEO Mr. Pollin

████████████████████████████████ as indicated on the face of the patent at the time of

the patent filing; Autoscribe CFO Mr. McLaren; and the patent attorneys who prosecuted the '621

Patent. Exhibit A, 6; Exhibit B, 1; Exhibit D, 2. By contrast, REPAY is not aware of any sources

of proof that will be in the Eastern District of Texas. This factor thus favors transfer.

> ii.   *The "availability of compulsory process to secure the attendance of witnesses" factor favors transfer because more third-party witnesses reside in the Northern District of Georgia than this district.*

Courts consider whether a venue has subpoena power over third-party witnesses.

*Volkswagen II*, 545 F.3d at 316. This factor favors transfer. At this early stage of the litigation,

REPAY can identify several potential REPAY and third-party witnesses who may be needed if

there is a trial—none of whom reside in the Eastern District of Texas. Exhibit C ¶ 14, 19. Those

witnesses are:

- ████████████████████████████████████████████

- ████████████████████████████████████████████

  ████████████████████████████

- REPAY witnesses familiar with the accused functionality including David Guthrie, Chief Technology Officer, and Srinimukesh Manickam, VP of Engineering; and

- Software engineers of certain third-party REPAY subsidiaries who may have knowledge and documentation regarding the accused functionality purportedly relevant to the '621 Patent.

Exhibit C ¶ 14, 17, 19. Other witnesses may include software engineers of various third-party REPAY subsidiaries located in Arizona, including Chris Andrews and Louis Robinson. *Id.* ¶ 14. More of REPAY's technical employees are based in Georgia or Arizona than any other location nation-wide. *Id.*

The third-party REPAY subsidiary using REPAY branding in The Colony, Texas does not process payments using the accused "Payment API" and therefore no relevant witnesses are employed there. *Id.* ¶ 11-12; *See Soverain Software LLC v. Oracle Corp.*, 6:12-CV-141, 2014 WL 12621273, at *3 (E.D. Tex. Mar. 27, 2014) ("This factor will weigh more heavily in favor of transfer when more third-party witnesses reside within the transferee venue.").

> iii.    The *"cost of attendance for willing witnesses" factor favors transfer because witnesses live in Georgia, while no witnesses live in Texas.*

The cost of attendance for willing witnesses also favors transfer. Courts analyze this factor by using the "100-mile rule." *Soverain Software LLC*, 2014 WL 12621273, at *4 (citing *Volkswagen I*, 371 F.3d at 204-05). When the distance between the existing and proposed venue is more than 100 miles, as it is here, courts determine the distances between the residences of all witnesses and the transferor and transferee venues. *Id.* Transfer is favored if the transferee venue is a shorter average distance from witnesses than the transferor venue. *Id.* But the "100-mile rule" should not be rigidly applied. *Id.* (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009)). Indeed, in "cases where no potential witnesses are residents of the court's state, favoring the court's location as central to all of the witnesses is improper." *Id.*; *see also Fujitsu Ltd. v. Tellabs, Inc.*, 639 F.Supp.2d 761, 766 (E.D.Tex. July 7, 2009) (excluding witnesses identified by plaintiff from the transfer analysis given their tenuous connection with the case).

This factor favors transfer here because a majority of potential witnesses are located outside of Texas. Exhibit C ¶ 14, 17, 19. In particular, various REPAY and other third-party witnesses

reside in Georgia. *Id.* The Northern District of Georgia would also be the more convenient forum for the likely witnesses in this case who mainly live in Georgia, Florida, and the DC metro area.

Therefore, in this case where at least some, if not most, witnesses are citizens of Georgia and few, if any, reside in Texas and none reside in the Eastern District of Texas, this factor favors transfer. *In re Genentech, Inc.*, 566 F.3d at 1344 (transfer favored when witnesses resided in California and no witnesses resided in the Eastern District of Texas).

> iv.   The factor considering whether there are "practical problems that make trial of a case easy, expeditious and inexpensive" is neutral because none exist.

Courts consider problems rationally based on judicial economy, such as the existence of duplicative suits or similar issues that may create practical difficulties for the parties. *Volkswagen II*, 556 F.3d at 1351. This factor is neutral because this case is in its early stages. This Motion is the first substantive filing since REPAY was served with the complaint on August 4, 2023. *See* EDTX-2-23-cv-00349, Dkt. No. 3 (summons returned executed). Thus, no practical problems exist that would deter this Court from transferring this case. *See In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013) ("[G]arden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer. Were it, delay would militate against transfer in every case."); *see also Cooktek Induction Sys., LLC v. I/O Controls Corp.*, No. 4:15-CV-548-ALM, 2016 WL 4095547, at *6 (E.D. Tex. Aug. 2, 2016) (finding this factor neutral even after discovery had begun).

Furthermore, that Autoscribe has filed at least two other lawsuits alleging infringement of the '621 Patent—which were filed 2 and 5 weeks after Autoscribe filed the present suit—does <u>not</u> weigh against transfer. This Court has rejected the argument that "the additional cases pending in this district weigh against transfer" where "Plaintiff has not demonstrated that the Court has experience or is familiar with the patents in *this* case." *Adaptix, Inc. v. HTC Corp.*, 937 F.Supp.2d

867, 877 (E.D.Tex. Mar. 28, 2013) (emphasis in original). Therefore, it is inapposite that Autoscribe has filed at least two other lawsuits in the Eastern District of Texas, as those cases trail behind the few deadlines of the present case, which itself is only in the pleading stage. *Id.*

**b.    The public factors support transferring the case to the Northern District of Georgia.**

*i.    The "administrative difficulties flowing from court congestion" factor is neutral because of its limited utility.*

Courts consider "the speed with which a case can be resolved and come to trial." *Soverain Software LLC*, 2014 WL 12621273, at *5. This factor is neutral. As of June 30, 2023, an average case reached trial 16.7 months after filing in the Eastern District of Texas, while an average case reached trial 33.1 months after filing in the Northern District of Georgia.[6] Although this court may be slightly more efficient, time to trial records are "given little weight" because of their "speculative nature." *Soverain Software LLC*, 2014 WL 12621273, at *8 (this factor was neutral even though the average time to trial was shorter in the forum state); *see also In re Genentech, Inc.*, 566 F.3d at 1347 (this factor is the most speculative and case-disposition statistics may not always tell the whole story). Indeed, there "is much more that affects court congestion than simply the number of pending cases per judge." *Coleman v. Brozen*, 4:19-CV-705, 2020 WL 2200220, at *7 (E.D. Tex. May 6, 2020) ("Different interpretations of the statistics can produce different conclusions about the relative workloads of each judicial district.").

Further, modestly faster time to trial cannot serve as the basis for denying transfer. *In re Netflix, Inc.*, No. 2022-110 slip op. at 10-11 (Fed. Cir. Jan. 19, 2022) (granting writ of mandamus directing transfer of patent infringement case out of Eastern District of Texas because "there is no

---

[6]   *See   U.S.   District   Courts*,   Federal   Court   Management   Statistics,   June   2023, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2021.pdf.

sound basis for the district court to premise its denial of transfer in these circumstances on its modestly faster average time to trial").

> ii.   The "local interest in having localized interests decided at home" factor favors transfer because the Northern District of Georgia has an interest in this case involving two of its citizens.

Courts consider the "factual connection" of a case with the transferor and transferee venues. *Volkswagen I*, 371 F.3d at 206 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)) ("[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation."); *see also StoneAge, Inc. v. NLB Corporation*, No. 1:10-cv-460, 2011 WL 13224884, *1 (E.D. Tex. Mar. 30, 2011) (granting motion to transfer where defendant's "headquarters, the majority of its employees, and many of the relevant documents in its possession are located in the" transferee forum—even though "the Texas Gulf Coast region is a large market for the products at issue in this case" as "both parties sell their products throughout the United States").

This factor favors transfer because the Northern District of Georgia has an interest in this case involving patent infringement allegations against its corporations. *Stone Age*, 2011 WL 13224884, *1 ("the mere fact that accused products have been sold in a judicial district does not give that district a local interest in having the case tried there") (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) ("district where company alleged to cause the harm is located has localized interest")); *ATEN Intern. Co. Ltd. v. Emine Technology Co., Ltd.*, 261 F.R.D. 112, 126 (weighing this factor in favor of transfer where "the closest business relations that [defendant] has in the United States is with corporations based in" the transferee district). A Georgia jury of REPAY corporate and employee peers should decide this case. *See Tansey v. City of Keller, Tex.*, No. 3:11-CV-03289-N BF, 2012 WL 2092935, at *3 (N.D. Tex. May 21, 2012), *report and*

*recommendation adopted*, No. 3:11-CV-03289-N BF, 2012 WL 2092900 (N.D. Tex. June 8, 2012)

("The unfairness of burdening citizens in an unrelated forum with jury duty also weighs in favor

of transfer."). On the other hand, Texas has no localized interest in this case. Neither Autoscribe

nor REPAY are incorporated in Texas, and none of the evidence, claims, or defenses have a

connection to the State. *See Hem v. Toyota Motor Corp.*, 2:07-CV-079-CE, 2009 WL 2591374, at

*5 (E.D. Tex. Aug. 20, 2009) (transfer is appropriate when none of the operative facts occurred in

the forum and where the forum has no particular local interest in the outcome of the case).

> iii.    The *"familiarity of the forum with the law that will govern
> the case" factor is neutral as both forums can apply federal
> patent law.*

Courts consider each district's familiarity with the case and the laws at issue. *See Van*

*Dusen v. Barrack*, 376 U.S. 612, 643 (1964) (a court's familiarity with the governing laws should

be considered in deciding a motion to transfer); *Monster Cable Products, Inc. v. Trippe Mfg. Co.*,

No. 9:07-CV-286, 2008 WL 2492060, at *4 (E.D. Tex. June 18, 2008) (this factor favored transfer

to the Middle District of Louisiana when Louisiana law applied). This factor is neutral here, where

both districts can apply federal patent law. █████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████

**REPAY'S MOTION TO DISMISS**                                                  23

iv.   The "avoidance of unnecessary problems of conflict of laws
or in the application of foreign law" factor is neutral
because no such problems exist.

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

## VI.   CONCLUSION

Repay Corp. respectfully requests that this Court dismiss this case under Fed. R. Civ. P. 12(b)(2), 12(b)(3) and/or 28 U.S.C. § 1406(a) or, in the alternative, transfer this case to the Northern District of Georgia under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a).

Repay LLC respectfully requests that this Court dismiss this case under Fed. R. Civ. P. 12(b)(3) and/or 28 U.S.C. § 1406(a) or, in the alternative, transfer this case to the Northern District of Georgia under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a).

Texas lacks personal jurisdiction over Repay Corp., which is not located in Texas and does not specifically direct its business to Texas. Furthermore, because neither Repay entity resides in Texas or has a regular and established place of business in the Eastern District of Texas, venue is improper here. Both the lack of personal jurisdiction as to Repay Corp. and improper venue as to both entities warrant dismissal. Alternatively, the case should be transferred Northern District of Georgia in the interest of justice or as the clearly more convenient forum.

Dated: October 10, 2023                     /s/ David H. Harper

                                            David H. Harper (Lead Attorney)
                                            Texas Bar No. 09025540
                                            david.harper@haynesboone.com
                                            Stephanie N. Sivinski
                                            Texas Bar No. 24075080
                                            stephanie.sivinski@haynesboone.com
                                            Marron E. Frith *(admitted in E.D.Tex)*
                                            NY Bar No. 5870803
                                            marron.frith@haynesboone.com
                                            HAYNES AND BOONE, LLP
                                            2323 Victory Avenue, Suite 700
                                            Dallas, Texas 75219
                                            (214) 651-5000 (telephone)
                                            (214) 200-0615 (fax)

                                            COUNSEL FOR DEFENDANTS REPAY
                                            HOLDINGS CORPORATION AND REPAY
                                            HOLDINGS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2023, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF System. A true and correct copy of this document is also being served to all counsel of record via electronic mail.

/s/ *David H. Harper*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that per Local Rule CV-5(a)(7)(B) a Motion to Seal this document has been filed on October 10, 2023 and docketed as ECF No. 14.

/s/ *David H. Harper*