

July 17, 2024

# Hearing on M&A's Motion to Dismiss

*Case No. 2:23-cv-00349, Autoscribe Corp. v. Repay Holdings Corp., et al.*

# Autoscribe has agreed to drop the holding companies



# § 1406 Improper Venue

# Relationship between entities



# Relationship between entities



# Relationship between entities



## Named Defendant

- No EDTX location
- No TX employees
- Improper venue

# Relationship between entities



# EDTX location is threshold issue

- Autoscribe must demonstrate that M&A has a location in the Eastern District of Texas. It only points to an office in The Colony leased by CDT.

- Autoscribe bears the burden of proof to demonstrate proper venue. *Jerger v. D&M Leasing Dallas*, No. 4:20-cv-00309, 2020 WL 4335733, at *2 (E.D. Tex. July 28, 2020).

- Proper venue requires a place of business in the District. That place of business must be "of the defendant." *In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

# EDTX location is threshold issue

Is the office in The Colony a regular and established place of business of M&A Ventures, LLC?

# When is a location "of the defendant"?

- *In re Cray* lists these relevant considerations:

  - "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place";

  - "whether the defendant conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place"; and

  - "representations that it has a place of business in the district. . . [b]ut the mere fact that a defendant has advertised that it has a place of business or has even set up an office is not sufficient; the defendant must actually engage in business from that location."

*In re Cray*, 871 F.3d 1355, 1363-64 (Fed. Cir. 2017).

10

# CDT leases the only place of business in EDTX

### FIRST AMENDMENT TO LEASE

THIS FIRST AMENDMENT TO LEASE (this "Amendment") is made and entered into effective as of _____ 9/6/2022 | 10:41 AM EDT _____ between CASCADES PHASE II LLC, a Delaware limited liability company ("Landlord"), and CDT TECHNOLOGIES, LTD., a Texas limited partnership ("Tenant").

WHEREAS, Landlord (as successor-in-interest to Jackson-Shaw/GID Cascades Phase II Limited Partnership) and Tenant are parties to a Commercial Lease Agreement (the "Lease") pursuant to which Tenant currently leases from Landlord the Leased Premises consisting of approximately 14,100 square feet known as Suite 100, in the Building located at 5830 Crescent Drive, The Colony, Texas, in the Project known as Cascades Phase 2; and

No argument by Autoscribe that M&A "exercises other attributes of possession or control over the place."

# Relationship between entities



# When is a location "of the defendant"?

- *In re Cray* lists these relevant considerations:

**X** - "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place";

- "whether the defendant conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place"; and

- "representations that it has a place of business in the district. . . [b]ut the mere fact that a defendant has advertised that it has a place of business or has even set up an office is not sufficient; the defendant must actually engage in business from that location."

*In re Cray*, 871 F.3d 1355, 1363-64 (Fed. Cir. 2017).

13

# When is a location "of the defendant"?

- *In re Cray* lists these relevant considerations:

**X**
- "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place";

**X**
- "whether the defendant conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place"; and

- "representations that it has a place of business in the district. . . [b]ut the mere fact that a defendant has advertised that it has a place of business or has even set up an office is not sufficient; the defendant must actually engage in business from that location."

*In re Cray*, 871 F.3d 1355, 1363-64 (Fed. Cir. 2017).

14

# Repay sign does not prove The Colony office is M&A's



"The court finds that the use of the common or generic name Medtronic on the exterior of the building . . . [is] insufficient to establish that venue in this district is proper for the Board's claims alleged against Medtronic, Inc. in this action." *Bd. of Regents, The University of Texas System v. Medtronic, PLC*, Cause No. A-17-CV-0942-LY, 2018 WL 4179080, at *2 (W.D. Tex. July 19, 2018).

# Repay's SEC filings do not prove The Colony office is M&A's

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
Washington, D.C. 20549
**FORM 10-K**

Unless otherwise noted or unless the context otherwise requires, the terms "we", "us", "Repay" and the "Company" and similar references refer (1) before the Business Combination, to Hawk Parent and its consolidated subsidiaries and (2) from and after the Business Combination, to Repay Holdings Corporation and its consolidated subsidiaries. Unless otherwise noted or unless the context otherwise requires, "Thunder Bridge" refers to Thunder Bridge Acquisition. Ltd. prior to the consummation of the Business Combination.

Repay Holdings Corp.'s SEC filings are consolidated and include information about its subsidiaries.

"None of the public filings cited by Andra demonstrate LBI's control, because they are documents covering all of LBI's brands. The documents' use of 'we' does not convey that 'we' means LBI specifically, but that 'we' could include the individual subsidiary brands, like Stores." *Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1288 (Fed. Cir. 2021).

# PCI compliance does not prove The Colony office is M&A's



# When is a location "of the defendant"?

- *In re Cray* lists these relevant considerations:

X
- "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place";

X
- "whether the defendant conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place"; and

X
- "representations that it has a place of business in the district. . . [b]ut the mere fact that a defendant has advertised that it has a place of business or has even set up an office is not sufficient; the defendant must actually engage in business from that location."

*In re Cray*, 871 F.3d 1355, 1363-64 (Fed. Cir. 2017).

18

# "Place of business" requires employees or agents

- "[A] 'place of business' generally requires an employee or agent of the defendant to be conducting business at that place." *In re Google LLC*, 949 F.3d 1338, 1344 (Fed. Cir. 2020).

  - All employees in The Colony are employed by Repay Management Services, LLC. M&A does not have employees. Dkt. 64-5 at 9.

  - No argument by Autoscribe that Repay Management Services, LLC's employees are agents of M&A.

- No evidence of any M&A tasks here. Performance of isolated tasks on behalf of the Defendant does not create venue absent showing of agency. *See Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1289 (Fed. Cir. 2021).

# Relationship between entities



# "Place of business" requires employees or agents

| Alleged M&A Activity | Reality |
|---|---|
| The Colony office has mail facilities. | • No evidence that any M&A documents are printed and mailed. <br> • ██████████████████████████████ <br> ██████████████████████████████ |
| A job posting for a software developer | • No evidence this person was hired or does work for M&A from The Colony. <br> • ██████████████████████████████ <br> ██████████████████████████████ <br> ██████████████████████████████ <br> ████████████████ |
| Employees who are "likely to pertain (at least in part) to M&A" | • No evidence of a single employee actually performing work on behalf of M&A <br> • ██████████████████████████████ <br> • ██████████████████████████████ <br> ██████████████████████████████ |
| Repay's LIFT product is not sold by M&A | • The fact that it interfaces with the Gateway does not mean it becomes an M&A product or that The Colony office is M&A's. |

# Corporate relative's office does not create venue

- But where related companies have maintained corporate separateness, the place of business of one corporation is not imputed to the other for venue purposes. *See Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1289 (Fed. Cir. 2021).

- Autoscribe has a "heavy burden" to demonstrate alter ego applies. *Adm'rs of Tulane Educ. Fund. v. Ipsen, S.A.*, 450 F. App'x 326, 331 (5th Cir. 2011).

# Autoscribe must show lack of corporate separateness between three entities



**No argument by Autoscribe that M&A is alter ego of Repay Management Services, LLC.*

# Defendants maintain corporate separateness

- Autoscribe waived the right to rely on alter ego by raising it for the first time in its sur-reply (Dkt. 54). *Dugger v. Stephen F. Austin State Univ.*, 232 F. Supp. 3d 938, 957 (E.D. Tex. 2017).

- Activities consistent with parent/subsidiary relationship should not give rise to a finding of an alter ego. *U.S. v. Bestfoods*, 524 U.S. 51, 72 (1998).

# Defendants maintain corporate separateness

- No evidence of the following factors between CDT and M&A:

  - financing of one entity by the controlling entity; (Dkt. 67-1 at ¶ 13)

  - causation of incorporation of one entity by the controlling entity; (Dkt. 67-1 at ¶ 14)

  - operation of the subsidiary entity with grossly inadequate capital; (Dkt. 67-1 at ¶ 14)

  - the controlling entity pays salaries and expenses of the other entity; (Dkt. 67-1 at ¶ 13)

  - entity receives no business except that given by the controlling entity; (Dkt. 67-1 at ¶ 14)

  - daily operations of the two corporations are not kept separate; (Dkt. 67-1 at ¶ 14)

  - the entities do not observe corporate formalities (Dkt. 67-1 at ¶¶ 7-10)

Source: *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 447 F.3d 411, 418 (5th Cir. 2006).

# § 1404 Transfer for Convenience

# Suit could be brought in the N.D. Georgia

- M&A resides in Georgia and meets the first prong of § 1404

  - Organized under Georgia law

  - Headquartered in Atlanta, Georgia

# Convenience of witnesses weighs in favor of transfer

- M&A has identified 8 witnesses in Georgia:

  - David Guthrie, CTO
  - Srinimukesh Manickam, VP of Engineering
  - Jake Moore, VP of Corp. Development
  - Tim Murphy, CFO
  - Christina Bracken, VP, Revenue accounting
  - Kristen Hoyman, VP of Marketing
  - Megan Carswell, Marketing Manager
  - Wes Hull, knowledge of tokenization

- M&A has identified 7 more on the East Coast:

  - Phoenix (VA)
  - Jesse Parker (AL)
  - Robert Pollin (inventor, MD)*
  - Brian Downey (inventor, VA)*
  - Sean Fleming (inventor, MD)*
  - Johnathan King (patent prosecutor, PA)*
  - Autoscribe employees (FL)*

- There are only three potential M&A witnesses in Texas:
  - Eben Esterhuyse
  - Matt Mills
  - Allen Craig

# Parties' interactions in Georgia



# Practical problems are neutral

- The cases consolidated with this one have settled.

- Autoscribe has three suits pending in the S.D.Tex. and another on a different schedule in this District. Transfer would not increase practical problems.

| | | |
|---|---|---|
| ~~Autoscribe Corporation v. Fortis Payment Systems, LLC~~ | ~~2-23-cv-00364~~ | ~~E.D. TX~~ |
| ~~Autoscribe Corporation v. Payment Savvy, LLC~~ | ~~2-23-cv-00390~~ | ~~E.D. TX~~ |
| Autoscribe Corporation v. Tsevo, LLC et al | 3-24-cv-00076 | S.D. TX |
| ~~Autoscribe Corporation v. PCI Booking Limited~~ | ~~3-24-cv-00081~~ | ~~S.D. TX~~ |
| Autoscribe Corporation v. Paysafe Limited et al | 3-24-cv-00104 | S.D. TX |
| Autoscribe Corporation v. Nuvei Corporation et al | 2-24-cv-00325 | E.D. TX |