IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| AUTOSCRIBE CORPORATION | § § § | |
| v. | § § | Case No. 2:23-cv-0349-JRG |
| M&A VENTURES, LLC | § § § § | JURY TRIAL DEMANDED |

# M&A VENTURES, LLC'S ANSWER TO AUTOSCRIBE CORPORATION'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Subject to its Motion to Dismiss or alternatively Transfer Venue (Dkt. 64), M&A Ventures, LLC ("M&A") responds to Autoscribe Corporation's ("Autoscribe" or "Plaintiff") Complaint as follows. This Answer, and its responses, are provided by M&A Ventures, LLC. Unless specifically admitted below, M&A denies every allegation in the Complaint. M&A reserves the right to amend its answer and defenses based on additional information learned through discovery or otherwise.

## I. THE PARTIES

1. M&A is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 1, and therefore denies them.

2. M&A admits that it is a limited liability company organized under the laws of Georgia, with its headquarters at 3 West Paces Ferry Road Suite 200 Atlanta, Georgia 30305. M&A denies the remaining allegations of Paragraph 2.

3. M&A admits that it can be served through counsel of record who have already appeared in this lawsuit.

## II. JURISDICTION AND VENUE

4. M&A admits that this Court has subject matter jurisdiction over patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

5. M&A denies the allegations of Paragraph 5.

6. M&A denies the allegations of Paragraph 6.

7. M&A admits that Daimler Truck Financial Services USA LLC is a customer located in this district. M&A denies the remaining allegations of Paragraph 8.

8. For purposes of this action only, M&A admits to personal jurisdiction within the State of Texas.

9. M&A denies the allegations of Paragraph 9.

## III. BACKGROUND

10. M&A is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 10, and therefore denies them.

11. M&A is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 11, and therefore denies them.

12. M&A is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 12, and therefore denies them.

13. M&A admits that, based on the face of the patent, on April 4, 2023, the United States Patent and Trademark Office ("USPTO") issued United States Patent No. 11,620,621 ("the '621 Patent" or "the Asserted Patent"), titled "Enrolling a payer by a merchant server operated by or for the benefit of a payee and processing a payment from the payer by a secure server." REPAY denies the remaining allegations of Paragraph 13.

14. M&A admits that the '621 Patent specification recites the "present invention relates broadly to systems and methods for obtaining and using account information to process financial payments." REPAY is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 14, and therefore denies them.

15. M&A is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 15, and therefore denies them.

16. M&A is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 16, and therefore denies them.

17. M&A admits that it is a financial technology company that provides payment processing solutions. M&A admits that it does generate revenue. M&A admits that most of its revenues are derived from volume-based payment processing fees and other related fixed per transaction fees. M&A denies the remaining allegations in Paragraph 17.

18. M&A admits that it provides the payment processing solutions including some elements which Autoscribe has defined in its complaint and refers to as "Payment API." M&A denies the remaining allegations in Paragraph 18.

19. M&A admits that it provides payment processing services to customers across the United States. M&A denies the remaining allegations of Paragraph 19.

20. M&A denies the allegations of Paragraph 20.

## IV. COUNT I

21. M&A incorporates by reference its responses to Paragraph 1 through 20 of the Second Amended Complaint.

22. M&A denies the allegations of Paragraph 22.

23. M&A denies the allegations of Paragraph 23.

M&A'S ANSWER TO AUTOSCRIBE CORPORATION'S
SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

24. M&A denies the allegations of Paragraph 24.

25. M&A denies the allegations of Paragraph 25.

26. M&A admits that Paragraph 26 purports to quote claim 1 of the '621 Patent. M&A denies the remaining allegations of Paragraph 26.

27. M&A admits that it performs payment processing services for customers. M&A admits that the screenshot included in the Complaint purports to be from REPAY's documentation. M&A denies the remaining allegations of Paragraph 27.

28. M&A admits that it performs payment processing services for customers. M&A admits that the screenshot included in the Complaint purports to be from REPAY's documentation. M&A denies the remaining allegations of Paragraph 28.

29. M&A admits that it performs payment processing services for customers. M&A admits that the screenshot included in the Complaint purports to be from REPAY's documentation. M&A denies the remaining allegations of Paragraph 29.

30. M&A admits that it performs payment processing services for customers. M&A admits that the screenshot included in the Complaint purports to be from REPAY's documentation. M&A denies the remaining allegations of Paragraph 30.

31. M&A admits that it performs payment processing services for customers. M&A admits that the screenshot included in the Complaint purports to be from REPAY's documentation. M&A denies the remaining allegations of Paragraph 31.

32. M&A admits that it performs payment processing services for customers. M&A admits that the screenshot included in the Complaint purports to be from REPAY's documentation. M&A denies the remaining allegations of Paragraph 32.

33. M&A admits that it performs payment processing services for customers. M&A admits that the screenshot included in the Complaint purports to be from REPAY's documentation. M&A denies the remaining allegations of Paragraph 33.

34. M&A admits that it performs payment processing services for customers. M&A admits that the screenshot included in the Complaint purports to be from REPAY's documentation. M&A denies the remaining allegations of Paragraph 34.

35. M&A admits that it performs payment processing services for customers. M&A admits that the screenshot included in the Complaint purports to be from REPAY's documentation. M&A denies the remaining allegations of Paragraph 35.

36. M&A admits that it performs payment processing services for customers. M&A admits that the screenshot included in the Complaint purports to be from REPAY's documentation. M&A denies the remaining allegations of Paragraph 36.

37. M&A admits that it became aware of the '621 patent upon being served with the Complaint. M&A denies the remaining allegations of Paragraph 37.

38. M&A denies the allegations of Paragraph 38.

39. M&A denies the allegations of Paragraph 39.

40. M&A denies the allegations of Paragraph 40.

41. M&A denies the allegations of Paragraph 41.

42. M&A denies the allegations of Paragraph 42.

43. M&A denies the allegations of Paragraph 43.

44. M&A denies the allegations of Paragraph 44.

45. M&A denies the allegations of Paragraph 45.

46. M&A denies the allegations of Paragraph 46.

47. M&A denies the allegations of Paragraph 47.

48. M&A denies the allegations of Paragraph 48.

49. M&A denies the allegations of Paragraph 49.

## V. JURY DEMAND

M&A requests a trial by jury on all claims so triable.

## VI. RELIEF REQUESTED

M&A denies that Autoscribe is entitled to the relief requested in Paragraphs a) through f) of Section VI, its Prayer for Relief, and denies that Autoscribe is entitled to any other relief.

## VII. AFFIRMATIVE AND OTHER DEFENSES

M&A asserts the following affirmative and other defenses. By including a defense herein, M&A does not assume any burden M&A would not otherwise have. M&A does not knowingly or intentionally waive any applicable defenses and reserves the right to assert or rely on any additional applicable defenses that become apparent or available throughout the course of this action.

## FIRST DEFENSE

Autoscribe has failed to state a claim upon which relief may be granted, including, but without limitation, because Autoscribe cannot plead a claim for divided infringement.

## SECOND DEFENSE

M&A does not infringe, and at all times relevant to this action, has not infringed, either directly or indirectly, any of the claims of the '621 Patent, either literally or under the doctrine of equivalents. For example, but without limitation, M&A does not perform all steps of the asserted method claims and the actions of M&A's customers and/or other third parties should not be attributed to M&A under a theory of divided infringement.

### THIRD DEFENSE

All of the claims of the '621 Patent are invalid for failure to comply with one or more provisions of Title 35, United States Code §§ 101, 102, 103, and/or 112.

### FOURTH DEFENSE

Some or all of Autoscribe's claims are barred by the doctrines of estoppel, waiver, and/or unclean hands.

### FIFTH DEFENSE

Autoscribe's claims are barred or limited by virtue of conduct, statements, admissions, and/or representations during the prosecution of the '621 Patent and/or patents or applications related thereto under the doctrines of disclaimer and/or prosecution history estoppel.

### SIXTH DEFENSE

To the extent that Autoscribe, its predecessors-in-interest, and/or its licensees failed to properly mark any of its relevant products with the Asserted Patents as required by 35 U.S.C. § 287 or otherwise give M&A proper notice of its allegations that M&A's actions infringe the '621 Patent, M&A is not liable for any of the allegedly infringing acts performed before it received actual notice of the alleged infringement.

### SEVENTH DEFENSE

To the extent that Autoscribe asserts infringement under the doctrine of equivalents, its claims are barred because any such asserted claim scope would ensnare the prior art.

### EIGHTH DEFENSE

Any infringement by M&A was not willful, and Autoscribe is not entitled to enhanced damages.

## **NINTH DEFENSE**

Autoscribe claims are barred, in whole or in part, by the doctrines of license, implied license, and/or exhaustion, including to the extent that any of the allegedly infringing conduct is premised on or related to products made, sold, used, imported, or provided by any licensed entity (whether express or implied) to the '621 Patent or related patent(s).

**M&A'S ANSWER TO AUTOSCRIBE CORPORATION'S**
**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

| | |
|---|---|
| Dated: August 19, 2024 | */s/ David H. Harper*<br>David H. Harper (Lead Attorney)<br>Texas Bar No. 09025540<br>david.harper@haynesboone.com<br>Stephanie N. Sivinski<br>Texas Bar No. 24075080<br>stephanie.sivinski@haynesboone.com<br>Jamie Raju<br>TX Bar No. 24095717<br>jamie.raju@haynesboone.com<br>Marron E. Frith<br>TX Bar No. 24137884<br>marron.frith@haynesboone.com<br>HAYNES AND BOONE, LLP<br>2801 N. Harwood Street<br>Suite 2300<br>Dallas, Texas 75201<br>(214) 651-5000 (telephone)<br>(214) 200-0615 (fax)<br><br>COUNSEL FOR DEFENDANT M&A VENTURES, LLC |

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2024, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF System.

*/s/ David H. Harper*

**M&A'S ANSWER TO AUTOSCRIBE CORPORATION'S**
**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**